UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD WARREN,

      Plaintiff,

v.                                 Case No: 6:25-cv-1573-JSS-NWH

NINA DEVANGUARDIA, CITY
OF WINTER PARK, and DAVID
GRAHAM,

      Defendants.
_____/

## ORDER

     Defendants City of Winter Park and David Graham move to dismiss Plaintiff's complaint. (Dkts. 9, 10.) Plaintiff, Richard Warren, proceeding pro se,[1] opposes the motions. (Dkts. 14, 18.) Upon consideration, for the reasons outlined below, the court grants in part and denies in part Defendants' motions.

## BACKGROUND

     The bases for Plaintiff's claims are unclear. (*See* Dkt. 1-1.) He seems to allege that his rights under the Fourth Amendment and under article I, section 12 of the Florida Constitution—the state's equivalent to the Fourth Amendment—were violated when Defendant Lieutenant David Graham signed an affidavit for Plaintiff's

---

[1] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

arrest with "no basis" and without "investigat[ing] the matter further" or obtaining "legal advice[] before determining whether" to seek Plaintiff's arrest. (*See id.* at 1–2.) However, Plaintiff also appears to assert claims that Graham "was grossly negligent when he had [Plaintiff] arrested" and that Graham "had a disregard for [Plaintiff's] Constitutional rights." (*Id.* at 2.)   According to the complaint, Plaintiff seemingly separately seeks relief under 42 U.S.C. § 1983 based on Graham's "careless and deliberate disregard." (*Id.*)  Plaintiff also claims that Defendant City of Winter Park "should have had procedures and safeguards in place to avoid" such situations and "therefore . . . is responsible for Graham's actions." (*Id.* at 3.)   Finally, Plaintiff includes his ex-wife, Nina Devanguardia, as a Defendant "for filing a false police report and having [Plaintiff] arrested for no reason." (*Id.*)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count."  *Id.*   "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them

and the grounds upon which each claim rests." *Id.* at 1323.  A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'"  *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).  Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading."  *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

Defendants move to dismiss the complaint for failure to state a claim, making arguments related to the statute of limitations, statutory notice requirements, qualified immunity, statutory immunity, and shotgun pleading.  (Dkts. 9, 10.)  As to the shotgun pleading argument, Defendants note that the complaint "impermissibly fails to separate into a separate count each cause of action or claim for relief."  (Dkt. 9 at 9 (citing *Weiland*, 792 F.3d at 1321–23); Dkt. 10 at 8 (citing same).)  Plaintiff does not

address this argument in either of his responses.  (*See* Dkts. 14, 18.)  Because the court agrees that the complaint is a shotgun pleading, it grants the motions on that basis and denies them without prejudice on the other asserted bases.  *See Murray v. Taylor*, No. 6:24-CV-6-CEM-LHP, 2024 WL 4956968, at *4 (M.D. Fla. July 31, 2024), *report and recommendation adopted by* No. 6:24-CV-6-CEM-LHP, 2024 WL 4647947, at *2 (M.D. Fla. Nov. 1, 2024) (collecting cases); *Laing v. Cordi*, No. 2:11-CV-566-FTM-29, 2012 WL 2999700, at *2 (M.D. Fla. July 23, 2012) ("T]he [c]ourt cannot resolve the substantive issues [in the motions to dismiss] because the [operative] [c]omplaint is a shotgun pleading."); *Tunstall v. William E. Donaldson Corr. Facility*, No. 2:24-CV-01504-RDP, 2025 WL 51945, at *7 (N.D. Ala. Jan. 8, 2025) (explaining that the court could not determine the applicability of qualified immunity because of the shotgun nature of the pleading); *Smith v. Automatic Data Processing, Inc.*, No. 8:20-CV-2936-CEH-CPT, 2021 WL 4148326, at *4 (M.D. Fla. Sept. 13, 2021) (dismissing a complaint as a shotgun pleading and finding a statute of limitations defense "not appropriate based on the current state of the pleadings").

Plaintiff's complaint is a shotgun pleading.  It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," fails to "separat[e] into a different count each cause of action or claim for relief," and "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1322–23.  Because it is virtually impossible for Defendants to know which facts support which claims in the

complaint, *see id.* at 1325, the court dismisses the complaint without prejudice as a shotgun pleading. *See Mikov v. Village of Palm Springs*, No. 23-13311, 2024 WL 3178043, at \*3 (11th Cir. June 26, 2024) (affirming a dismissal without prejudice on shotgun pleading grounds when the complaint "made it overly burden[]some to identify which facts support[ed] each claim").

If Plaintiff repleads, he shall heed this order to avoid a future shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). The court cautions Plaintiff that an amended complaint supersedes a previous complaint, meaning that any information Plaintiff currently knows or has access to that is relevant to the claims and Plaintiff wants the court to consider should be included in the amended complaint. *See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020). If Plaintiff files an amended complaint, he shall "list each cause of action into a separately numbered count, with one legal theory per count, and a specifically named defendant or defendants per count." *Omni Healthcare Inc. v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2024 WL 4235850, at \*6 (M.D. Fla. Sept. 19, 2024) (quotation omitted). Plaintiff "shall not lump[] together multiple theories in one count; instead, he shall narrow down and separate out his theories of liability such that each asserted theory gets its own count in the amended pleading." *Pringle v. Seminole Cnty. Pub. Schs.*, No. 6:24-cv-835-JSS-DCI, 2025 WL 20019, at \*7 (M.D. Fla. Jan. 2, 2025) (quotation omitted); *see Ortiz v. Carnival Corp.*, No. 20-24838-Civ-Scola, 2020 WL 6945958, at \*1 (S.D. Fla. Nov. 25, 2020) ("Each distinct theory . . . is a separate cause of action that must be asserted independently and with

corresponding supporting factual assertions." (collecting cases)). Currently, the complaint does not contain separately numbered counts, and thus it in essence incorporates all allegations into all counts. (*See* Dkt. 1-1.) If Plaintiff amends and wishes to bring claims under the Fourth Amendment, Plaintiff should specify which claims he is bringing, set out such claims in separate counts, and identify the relevant defendant(s). For instance, Plaintiff should clarify whether he intends to bring Fourth Amendment malicious prosecution and municipal liability claims, or if instead he intends to bring negligence claims, Eighth Amendment deliberate indifference claims, or something else entirely. *See Gervin v. Florence*, 139 F.4th 1236 (11th Cir. 2025) (discussing malicious prosecution claims); *Teagan v. City of McDonough*, 949 F.3d 670 (11th Cir. 2020) (discussing municipal liability claims); *Rivera v. Cohen*, No. 2:08-CV-195-FTM29SPC, 2009 WL 3157648 (M.D. Fla. Sept. 28, 2009) (discussing negligence claims); *Stalley v. Cumbie*, 124 F.4th 1273 (11th Cir. 2024) (discussing deliberate indifference claims).

Additionally, Plaintiff must include in each count the elements for that count's claim and the factual allegations supporting those elements because "a formulaic recitation of the elements of a cause of action," standing alone, "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Each count must include only the elements and facts applicable to it. *See Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which he is proceeding[,] clearly list what facts apply to that count[,] clearly explain under each count how the

legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016). "Plaintiff shall incorporate into each count only those factual allegations necessary to support the count." *Pringle*, 2025 WL 20019, at *7.

## CONCLUSION

Accordingly:

1.  The motions to dismiss (Dkts. 9, 10) are **GRANTED in part and DENIED in part**. Plaintiff's complaint (Dkt. 1-1) is **DISMISSED without prejudice** as a shotgun pleading. The motions are otherwise **DENIED without prejudice**.

2.  Plaintiff may file an amended complaint on or before October 17, 2025. The court cautions Plaintiff: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).

3.  If the amended complaint fails to correct the deficiencies identified in this order or to comply with any of this order's directives, the court may dismiss the amended complaint without notice to Plaintiff.

**ORDERED** in Orlando, Florida, on September 26, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party